**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

RICHEMONT INTERNATIONAL S.A.                    CIVIL ACTION

VERSUS                                          25-145-SDD-EWD

EDVARDO FRANCOIS, ET AL.

<u>**RULING**</u>

This matter is before the Court on the *Motion for Default Judgment* (hereinafter, "the *Motion*") filed by Plaintiff Richemont International S.A. ("Plaintiff").[1] No opposition has been filed. For the following reasons, the *Motion* shall be granted.

## I.    BACKGROUND

This case arises from Plaintiff's erroneous transfer of funds to Defendant Edvardo Francois's ("Francois") bank account and Francois's subsequent failure to return the funds. On May 3, 2023, Plaintiff initiated a wire transfer of $141,011 to pay an invoice from a vendor.[2] The intended transferee's account number was entered incorrectly, with two numbers being transposed.[3] The erroneous account number belonged to Francois's personal checking account.[4] The funds were incorrectly wired to Francois,[5] and he knew or should have known the money was not his.[6] However, he transferred $139,480 of those funds to Francois Construction and Safety Services LLC's ("Francois Construction")[7]

---

[1] Rec. Doc. 19.
[2] Rec. Doc. 1, ¶ 1.
[3] *Id.* at ¶ 2.
[4] *Id.*
[5] *Id.*
[6] *Id.* at ¶ 3.
[7] Francois is allegedly the sole member and the operator of Francois Construction. *Id.* at ¶ c.

bank account about a week later.[8] Francois ignored Plaintiff's attempts to communicate with him,[9] including a letter demanding the return of the funds.[10]

Plaintiff filed this lawsuit on February 16, 2025, pursuant to diversity jurisdiction.[11] In compliance with this Court's order,[12] Plaintiff amended the Complaint to adequately allege Plaintiff's citizenship for diversity purposes.[13] On April 18, 2025, the Clerk of Court issued a Summons to each Defendant.[14] On May 2, 2025, both Defendants were served,[15] and proof of service was filed into the record on May 6, 2025.[16] After the responsive pleading deadline passed, Plaintiff filed a *Motion for Entry of Default*,[17] and the Clerk of Court entered a default against Defendants.[18] Plaintiff then filed the *Motion*, asking this Court to enter a default judgment in Plaintiff's favor awarding $141,011 plus legal interest to Plaintiff, "taxing all costs of this action to Defendants," and "granting any such further relief as is just and proper."[19] Attached to the *Motion* is the *Declaration of Joshua Lipman, Esq. in Support of Plaintiff's Motion for Default Judgment* ("the Lipman Declaration").[20] The Lipman Declaration specifies that the costs of this action are "$400 in connection with the filing of the Complaint and $1,569.75 in connection with a private investigator locating and serving Defendants."[21]

---

[8] *Id.* at ¶ 3.
[9] *Id.* at ¶ 5.
[10] *Id.* at ¶ 4.
[11] Rec. Doc. 4.
[12] *Id.*
[13] Rec. Doc. 5. Pursuant to the Court's order (Rec. Doc. 6), the First Amended Complaint replaced the original Complaint as Rec. Doc. 1.
[14] Rec. Doc. 11; Rec. Doc. 12.
[15] Rec. Doc. 14, p. 2; Rec. Doc. 15, p. 2.
[16] Rec. Doc. 14; Rec. Doc. 15.
[17] Rec. Doc. 16.
[18] Rec. Doc. 17.
[19] Rec. Doc. 19, p. 2.
[20] Rec. Doc. 19-2.
[21] *Id.* at ¶ 14.

## II.    APPLICABLE LAW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[22] After the Clerk of Court's entry of default and upon the plaintiff's motion, the court may enter a default judgment against the defaulting defendant.[23] "In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may be granted."[24] Thus, for a plaintiff to obtain a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered."[25] A defaulting party is deemed to have admitted liability.[26]

A court employs a two-part analysis to determine whether a default judgment should be entered against the defendant.[27] "First, the court must consider whether the entry of default judgment is appropriate under the circumstances."[28] The factors relevant to this inquiry, i.e., the *Lindsey* factors, include: "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by good faith mistake

---

[22] Fed. R. Civ. P. 55(a).
[23] Fed. R. Civ. P. 55(b).
[24] *BSG Clearing Sols. N. Am., LLC v. V&T Commc'ns, LLC*, No. 17-CV-1093, 2018 WL 4677906, at *2 (W.D. Tex. Aug. 3, 2018).
[25] *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) ("[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.") (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).
[26] *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992).
[27] *J&J Sports Prods., Inc. v. KCK Holdings, LLC*, No. 14-269, 2015 WL 4656714, at *3 (M.D. La. Aug. 5, 2015) (citing *Taylor v. City of Baton Rouge*, 39 F.Supp. 3d 807, 813 (M.D. La. 2014); *U.S. v. Chauncey*, No. 14-CV-32, 2015 WL 403130, at *1 (M.D. La. Jan. 28, 2015)).
[28] *Id.* (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion."[29] "Second, the court must assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment."[30]

### III.    DISCUSSION

Plaintiff asks the Court to enter judgment in its favor and against Defendants.[31] For the following reasons, the Court finds default judgment is warranted.

### A.  Appropriateness under the *Lindsey* factors

The Court must apply the *Lindsey* factors and determine whether entry of a default judgment against Defendants is appropriate under the circumstances. First, the material facts are not disputed because Defendants failed to file an Answer, a Rule 12 motion, or a response to the *Motion*. Second, it is undisputed that Defendants have neither responded to Plaintiff's attempts to contact them nor made an appearance of any kind in this litigation. Third, the grounds for granting a default judgment against Defendants are clearly established, supported by this case's procedural history and the Clerk's entry of default. Fourth, the Court has no basis to find that Defendants' failure to respond was the result of a good faith mistake or excusable neglect. Fifth, Defendants' failure to file any responsive pleading or motion mitigates the harshness of default judgment. Finally, the Court is not aware of any facts that would lead it to set aside the default judgment if challenged by Defendants. Accordingly, the Court finds that all six *Lindsey* factors weigh in favor of entry of default judgment against Defendants.

---

[29] *Id.* (citing *Lindsey*, 161 F.3d at 893).
[30] *Id.* (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206).
[31] Rec. Doc. 19.

## B. Sufficiency of the pleadings

Next, the Court must determine whether Plaintiff's pleadings provide a sufficient basis for a default judgment against Defendants. In doing so, "[o]nly well-pleaded facts, not conclusions of law, are presumed to be true."[32] "In determining whether there is a sufficient basis in the pleadings for judgment, a court should 'draw meaning from the case law on Rule 8.'"[33] As such, factual allegations need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[34] "The pleading must present 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation,' but 'detailed factual allegations' are not required."[35] "This low threshold is less rigorous than that under Rule 12(b)(6)."[36]

Here, Plaintiff seeks to recover its money pursuant to Louisiana Civil Code article 526.[37] "The owner of a thing is entitled to recover it from anyone who possesses or detains it without right and to obtain judgment recognizing his ownership and ordering delivery of the thing to him."[38] Plaintiff's factual allegations in the First Amended Complaint, when assumed to be true, raise a right to relief above the speculative level. Specifically, Plaintiff claims it inadvertently transferred $141,011 to Francois. Francois knew or should have known the money was not his, but he failed to return it and transferred most of it to Francois Construction. He then ignored Plaintiff's attempts to communicate with him

---

[32] *Buerger v. Clifton*, No. 18-CV-78, 2021 WL 748106, at *3 (E.D. Tex. Jan. 7, 2021) (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206).

[33] *Id.* (quoting *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015)).

[34] *Id.* (quoting *Wooten*, 788 F.3d at 498).

[35] *Id.* (quoting *Wooten*, 788 F.3d at 498).

[36] *Id.* (citing *Wooten*, 788 F.3d at 498 n.3).

[37] Rec. Doc. 1, ¶¶ 7–9.

[38] La. Civ. Code art. 526.

regarding the funds. Therefore, Plaintiff has demonstrated a sufficient basis for default on the First Amended Complaint.

### C. Damages

"A defaulting defendant 'concedes the truth of the allegations of the Complaint concerning defendant's liability, but not damages.'"[39] The damages award in a default judgment "must be determined after a hearing, unless the amount claimed can be demonstrated 'by detailed affidavits establishing the necessary facts.'"[40] Thus, a hearing is unnecessary if the Court can "mathematically calculate the amount of damages based on the pleadings and supporting documents."[41]

Considering that Plaintiff seeks the recovery of a specific amount of money, the Court finds that the damages to which Plaintiff is entitled can be mathematically calculated and have been demonstrated by supporting documentation. Thus, a hearing is unnecessary. Plaintiff alleges the funds at issue equal $141,011. Additionally, Plaintiff requests post-judgment interest on this amount, which can be calculated at the rate provided by 28 U.S.C. § 1961. Furthermore, Plaintiff requests that the costs of this action be taxed against Defendant, and the Lipman Declaration specifies that Plaintiff's costs were the filing fee for the Complaint[42] and the fee for the private investigator,[43] who Plaintiff retained to locate and serve Defendants with the summonses because

---

[39] *United States v. Pryer*, No. 24-cv-357, 2025 WL 2267669, at *2 (M.D. La. Aug. 7, 2025) (quoting *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. 10-cv-390, 2011 WL 4738197, *4 (S.D. Tex., Oct. 5, 2011)).

[40] *Id.* (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

[41] *Id.* (quoting *Joe Hand Promotions, Inc. v. Alima*, No. 3:13-CV-889, 2014 WL 1632158, at *3 (N.D. Tex. Apr. 22, 2014)).

[42] Plaintiff paid $405 to file the Complaint (*see* docket entry at Rec. Doc. 1) as opposed to the $400 listed in the Lipman Declaration (Rec. Doc. 19-2, ¶ 14). As the electronic docket entry reflects the amount actually paid at filing, the Court will tax $405 against Defendants for the filing fee.

[43] The fee is listed as $1,569.75. Rec. Doc. 19-2, ¶ 14.

Defendants "refused to respond to the requests for waiver of service of process."[44] Based on the applicable law and the evidence submitted, the Court finds the *Motion* should be granted, and Plaintiff is entitled to the relief sought.

## IV.    CONCLUSION

For the foregoing reasons, the *Motion for Default Judgment*[45] is **GRANTED**.

**IT IS FURTHER ORDERED** that default judgment is hereby entered in favor of Richemont International S.A. and against Defendants Edvardo Francois and Francois Construction and Safety Services LLC.

**IT IS FURTHER ORDERED** that Defendants Edvardo Francois and Francois Construction and Safety Services LLC shall return to Richemont International S.A. the $141,011.00, together with post-judgment interest at the rate provided by 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** that Defendants Edvardo Francois and Francois Construction and Safety Services LLC shall pay Richemont International S.A. for the costs of this suit. These costs are the $405.00 filing fee for the Complaint and the $1,569.75 incurred to locate and serve Defendants.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this __8th_ day of _____May_____, 2026.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[44] *Id.* at ¶ 10.
[45] Rec. Doc. 19.